UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GESELE V. JONES

Plaintiff,

V

KOONS AUTOMOTIVE, INC.

HAMPTON PARK ENTERPRISES, LLC

Defendants.

**JURY TRIAL**

CIVIL ACTION NO.

DECEMBER 16, 2009

## COMPLAINT

**FIRST COUNT:**

1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of The Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*, and for violation of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-105 *et seq.* and for violation of [COMAR] § 11.12.0114 and for violation of [COMAR] § 11.12.01.15 and for Common Law Fraud.

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of Oxon Hill, Prince George County, State of Maryland.

4. Defendant Koons Automotive, Inc. hereinafter referred to as ("Koons") is a foreign corporation with a place of business at 76 Cambridge Street, Fredericksburg, VA,

22405.

5. Defendant Hampton Park Enterprises, LLC, hereinafter referred to as ("Hampton") is a domestic corporation with a place of business at 8909 Edgeworth Drive, Capitol Heights, MD 20743.

5. At all times herein Koons in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

6. Koons is a creditor within the meaning of 15 U.S.C. § 1601, et seq. and regulation promulgated thereunder.

7. On or about December 18, 2008, at Hampton's place of business in Maryland, Plaintiff entered into a consumer credit transaction with Koons and Hampton to buy a 2007 Pontiac G6 motor vehicle ("The Vehicle or Vehicle") for personal, family or household use.

8. Hampton informed Plaintiff that the paperwork would be prepared by Koons whose employee or agent did prepare the Buyers Orders, Consumer Credit Contract and other related documents.

9. Koons and Hampton were operating in concert with each other relating to the sale of The Vehicle to Plaintiff.

10. Koons and Hampton failed to provide accurate closed-end disclosures as required by 15 U.S.C. § 1601 et seq., and the regulations thereunder at or prior to consummation of the transaction.

11. Koons and Hampton failed to provide the disclosures pursuant to Reg. Z Part

226 prior to consummation of the contract or subsequent to consummation.

12. Koons and Hampton failed to disclose the correct down payment.

13. Koons and Hampton failed to disclose the lien fee.

14. Both Defendants failed to disclose the correct Maryland sales tax.

15. Both Defendants charged Plaintiff a greater sum for the processing fee than permitted by the State of Maryland.

16. Plaintiff has suffered damages

## SECOND COUNT:

17. The allegations of the First Count are repeated as if fully set forth herein.

18. Based on information and belief, Plaintiff was not provided a Copy of Instrument by Koons or Hampton evidencing the Contract of Sale prior to delivering the Vehicle to Plaintiff, in violation of [COMAR] § 11.12.o1.15B

19. Plaintiff has been damaged.

## THIRD COUNT:

20. The allegations of the First Count are repeated as if fully set forth herein.

21. Koons and Hampton failed to disclose that the Vehicle was a prior daily rental in violation Maryland State Statures, Regulations and § 11.12.01.14 Department of Transportation.

22. Plaintiff has been damaged.

## FOURTH COUNT:

23. The allegations of the First Count are repeated as if fully set forth herein.

25. Both Koons and Hampton failed to pay off the trade-in vehicle to wit: a 2006 Ford Taurus, 4 doors to the secured party in the sum of $13,148 as set forth in the Retail Installment Sales Contract.

26. Koons and Hampton converted Plaintiff's 2006 Ford Taurus to their own use and defrauded Plaintiff by failing to pay to the secured party the sum of $13,148.

27. Plaintiff has been damaged.

**FIFTH COUNT:**

28. The allegations of the First Count are repeated as if fully set forth herein.

29. Koons and Hampton have committed one or more unfair or deceptive acts or practices in violation of the Md. Consumer Protection Act § 13-105 et seq., including, but not limited to: failing to disclose to Plaintiff accurate financial terms of the transaction, failing to disclose that the Vehicle was a prior daily rental, failing to payoff to the secured party the 2006 Ford Taurus as agreed and converting the 2006 Ford Taurus to its own use.

WHEREFORE, it is respectfully prayed that this Court:

1. Award Plaintiff statutory damages, actual damages, and costs and a reasonable attorney's fee on Count I.

2. Award Plaintiff statutory damages and actual damages on Count II.

3. Award Plaintiff statutory damages and actual damages on Count III.

4. Award Plaintiff statutory damages, actual damages and punitive damages on Count IV.

5. Award Plaintiff actual damages, consequential damages, costs and attorney's fees for Violation of the Md. Ann. Consumer Protection Act on Count V.

6. Award such other or further relief, as the Court deems just or equitable.

                                                      THE PLAINTIFF

                                                      BY /s/ _____
                                                      Bernard T. Kennedy, Esquire
                                                     The Kennedy Law Firm
                                                     P.O. Box 657
                                                     Edgewater, MD 21037
                                                     Ph   (443) 607-8901
                                                     Fax (443) 607-8903
                                                     Fed. Bar # Md26843
                                                     bernardtkennedy@yahoo.com