**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

---

**GESELE Y. JONES**

                 Plaintiff,

v.

**KOONS AUTOMOTIVE, INC. et al.**

                 Defendants.

Case No. **09-CV-3362  DKC**

---

**DEFENDANT PRESTIGE FINANCIAL SERVICES, INC.'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Prestige Financial Services, Inc. ("Prestige"), by its attorneys and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court to dismiss Count 10 (Maryland Consumer Protection Act) and Count X (Maryland Consumer Debt Collection Act) of Plaintiff's Consolidated Amended Complaint ("Complaint" or "Compl."), and as grounds states as follows:[1]

**Introduction and Summary of Prestige's Position**

After Plaintiff purchased a vehicle (the "Taurus") on credit and failed to make the required payments, Prestige picked up the Taurus when Plaintiff called Prestige "to come get the car" (Compl. ¶ 22) and later sold the Taurus. Plaintiff alleges that Prestige provided her with notices after picking up and selling the Taurus that did not

---

[1] Prestige relies on the majority rule that the filing of this Rule 12(b)(6) motion postpones the time to respond to the entire Consolidated Amended Complaint to fourteen (14) days after receiving notice of the Court's ruling on the Rule 12 motion.  *See* discussion in Section III, *infra.*

comply in all respects with the Maryland Credit Grantor Closed End Credit Provisions, Md. Code Ann., COM. LAW § 12-1021.[2] The alleged defects in the notices are technical in nature and the sending of the notices occurred years after inception of the loan.

Plaintiff has not articulated how, if at all, she was injured by Prestige's conduct. In fact, Plaintiff alleges, prior to Prestige picking up the Taurus, she had conveyed ownership and control of the Taurus to Koons Automotive ("Koons") by trading in the Taurus as consideration for the purchase of a vehicle from Koons. Compl. ¶¶ 9, 10, 21, 65, 85. Plaintiff alleges that Koons was responsible for paying off the loan balance owing to Prestige (Compl. ¶¶ 9, 21, 25, 39, 63, 77) and that Koons' failures (i) deprived her of the Taurus (Compl. ¶ 50) and (ii) caused Prestige to repossess the Taurus. Compl. ¶ 25. Moreover, Plaintiff alleges that Koons' failure to follow through on its promise to pay Prestige has left her with the debt owing to Prestige. Compl. ¶¶ 50, 67.

Nevertheless, Plaintiff seeks draconian relief from Prestige in this lawsuit, which in her view, permits her to not only escape liability for the outstanding principal balance of her debt, but to also receive a windfall equal to more than ten times the original amount of the debt she owed to Prestige.[3] [4] Plaintiff "piggybacks" claims for alleged

---

[2] Md. Code Ann., COM. LAW., § 12-1001 *et seq.* (Maryland Credit Grantor Closed End Credit Provisions) hereinafter referred to as "CLEC".

[3] The original loan amount Plaintiff financed with Prestige equals $14,583.95. *See* Complaint, Ex. 5. Plaintiff represents her damages to be $150,000.00 plus attorney fees and costs. See Complaint, *ad damnum* clauses in at pp. 16,17.

[4] Plaintiff attached the parties' Retail Installment Sale Contract ("RISC") and the October 2009 letter she received from Prestige to her Complaint and relies on both in her Complaint. The Court may take notice of the RISC and letter in deciding whether to grant Prestige's Motion to Dismiss. *See Amer. Chiropractic v. Trigon Health*care, 367 F.3d 212, 234 (4th Cir. 2004)

violations of (i) the Maryland Consumer Protection Act ("MCPA") and (ii) Maryland Consumer Debt Collection Act ("MCDCA") on her allegations of technical non-compliance with CLEC notice requirements.

The MCPA claim in Plaintiff's Complaint (Count 10) fails for the following reasons: (i) The MCPA is inapplicable to alleged disclosure violations under CLEC, (ii) Plaintiff fails to plead actual injury or loss, (iii) Plaintiff's CLEC claim is not a *per se* violation of the MCPA and Plaintiff fails to allege conduct on the part of Prestige independent of the sending of the post-repossession notices, (iv) Plaintiff fails to allege facts showing that she relied on the allegedly deficient notices, and (v) Plaintiff fails to allege facts relating to Prestige's intent, as is required under the MCPA and fails to meet the heightened pleadings requirements of Fed.R.Civ.P. Rule 9(b).

The MCDCA claim in Plaintiff's Complaint (Count X) fails for the following reasons: (i) Prestige did not knowingly disclose false information affecting Plaintiff's credit worthiness or knowingly attempt to enforce a right that does not exist; (ii) the sending of the letter Plaintiff received in October 2009 was mandated by law; and (iii) Plaintiff's allegations with respect to the reporting of information concerning the debt to

---

("Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] plaintiffs do not challenge its authenticity.") (citations and quotations omitted); *Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997) ("An exception to the general rule [of not considering documents submitted with a motion to dismiss] is made for documents which are referred to in the Complaint and upon which Plaintiff relies in bringing the action.") (citations omitted).

credit reporting agencies fail to meet the heightened pleading requirements of Fed.R.Civ.P. Rule 9.

Because Plaintiff has failed to sufficiently plead her MCPA and MCDCA claims for the reasons given, these claims should be dismissed.

**Background**

On or about December 29, 2006, Plaintiff purchased a 2006 Ford Taurus (the "Taurus") from Car Center of Waldorf Maryland pursuant to a certain Retail Installment Sale Contract ("RISC"). Ex. 5 to Compl.; Compl. ¶ 23). The RISC is governed by CLEC. Compl. ¶ 88. The RISC was assigned to Prestige Financial Services, Inc. ("Prestige"). Compl. ¶ 24.

On December 18, 2008, Plaintiff conveyed ownership and control of the Taurus to Koons by trading in the Taurus as consideration for the purchase of a vehicle from Koons. Compl. ¶¶ 9, 10, 21, 65, 85.

Sometime after selling the Taurus to Koons, Plaintiff received a call from the District of Columbia police department that the Taurus had been abandoned in D.C. Compl. ¶ 22. Plaintiff chose to reclaim the Taurus from the impound lot and to have it re-keyed. *Id.* Thereafter, Plaintiff called Prestige to come and pick up the Taurus. *Id.*

On May 27, 2009, Prestige picked up the Taurus and then later caused the Taurus to be sold at auction after Plaintiff had elected not to redeem the Vehicle.

On June 15, 2010, Plaintiff filed her Complaint in the Circuit Court for Prince George's County, Maryland alleging Prestige violated §§ 12-1021, 13-301, and 13-303

of the Commercial Law Article of the Annotated Code of Maryland relating to post-repossession notices (the "Complaint").

Defendant was served with the Complaint on July 12, 2010.  On August 4, 2010, Defendant Prestige removed this action to the United States District Court for the District of Maryland.

On August 11, 2010, Prestige filed a Motion to Compel Arbitration, Stay Proceedings and Appoint Arbitrator.  On April 29, 2011, after a hearing, the Court denied the Motion to Compel Arbitration.

On May 20, 2011, the Court issued an Order consolidating Plaintiff's lawsuit against Prestige (10-cv-2136) with Plaintiff's lawsuit against Koons Automotive, Inc. (09-cv-3362).  Also on May 20, 2011, Prestige filed a Motion to Dismiss the Consumer Protection Act claim against it.

On August 5, 2011, Plaintiff filed her Consolidated Amended Complaint, which added a count against Prestige for alleged violations of the Maryland Consumer Debt Collection Act.

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint that fails "to state a claim upon which relief can be granted" should be dismissed.  To survive a motion to dismiss a claim must be "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).   In evaluating plausibility, a court need not accept as true unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as a factual allegations, *Ashcroft v. Iqbal*, ___ U.S.

___, 129 S. Ct. 1937, 1950 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 2009). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Nor should the court be persuaded by "well-pleaded facts that do not permit the court to infer more than the mere possibility of misconduct . . ." *Iqbal*, 129 S.Ct. at 1950. Thus, the Federal Rules "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "naked assertion[s] devoid of further factual enhancement." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). *See also Nemet Chevorlet, Ltd. v. Consumeraffairs.com*, 591 F.3d 250, 258 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

<u>**Argument**</u>

**I.     THE COURT SHOULD DISMISS COUNT 10 (MARYLAND CONSUMER PROTECTION ACT)("MCPA") OF PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**A.     The MCPA Is Inapplicable To This Matter Because Maryland's Credit Grantor Closed End Credit Provisions ("CLEC") Govern The Parties' Contract And Expressly Supersede The MCPA With Respect To Alleged Disclosure Deficiencies In Notices**

All Counts in Plaintiff's Complaint, as to Prestige, are premised on alleged violations of CLEC arising from purportedly deficient notices sent by Prestige to Plaintiff

post repossession of her Vehicle. Specifically, Plaintiff alleges that Prestige violated CLEC by providing inaccurate disclosures in notices, including that the Taurus would be sold at a public auction (Compl. ¶ 28, 29, 90); selling the Taurus in a manner that was not commercially reasonable (Compl. ¶92); and stating that the loan had been accelerated and was due and owing (Compl. ¶ 26). Plaintiff also alleges, in violation of CLEC, a notice improperly omitted certain information.

> The form letter represented by Ex. 6 was legally deficient in that it failed to inform Ms. Jones of: (a) the exact location where the Taurus was stored; (b) the address where payment was to be made; (c) whether the sale of the Taurus would be by public or private sale. The attempted acceleration of the note was also improper at that time.

Compl. ¶¶ 27, 89. Plaintiff argues, because of the alleged inaccurate disclosures and/or omissions in the CLEC mandated notices, Prestige cannot collect a deficiency balance from Plaintiff. Compl. ¶¶ 93, 95.

Plaintiff attempts to parlay her claims under CLEC into a cause of action under the MCPA. Plaintiff's claims under the MCPA arise out of allegedly deficient notices and are identical to alleged violations of CLEC. Plaintiff's claims under the MCPA are:

> In violation of the CPA, Prestige told Ms. Jones in writing that her agreement with them was accelerated.

> In violation of the CPA, Prestige omitted telling Ms. Jones where her car was located and where to make any payments.

> Further, Prestige provided Ms. Jones with false statements as to a deficiency balance, which she did not owe, and with false statements or omissions regarding the commercially reasonable resale of her Taurus at public auction.

Compl. ¶¶ 107-109.   The MCPA does not dictate when an agreement may be accelerated, what disclosures must be made regarding the location of a car or where payments are to be made, nor does it dictate when a deficiency balance may be collected or how a repossessed vehicle is to be sold.   Plaintiff's allegations with respect to the MCPA are premised on Prestige's alleged violations of CLEC.   All of Plaintiff's averments under her MCPA Count relate to disclosure requirements under CLEC. Plaintiff's MCPA claims fail because CLEC expressly supersedes other Maryland law with respect to disclosure requirements.

As a matter of law, upon the election of CLEC, CLEC becomes the <u>only</u> Maryland law governing disclosure requirements.   Section 12-1014(b) of CLEC states:

> Notwithstanding any provision of this title, a loan under this subtitle [10] is subject **only** to the disclosure requirements of this subtitle, and, to the extent applicable, of the Federal Truth in Lending Act and regulations promulgated thereunder.

MD. CODE. ANN. COM. LAW, § 12-1014(b) (Emphasis added).   In *Loyola Federal Savings and Loan Association v. Francois et al.*, 331 Md. 30 (1993), the Court of Appeals of Maryland held

> [i]n the area of disclosures, the election of CLEC expressly preempts other state law disclosure requirements, including those of RISA, whether they are consistent or inconsistent with CLEC.

*Id.* at 37.

Maryland law expansively interprets CLEC's exclusive application to disclosure issues concerning contracts governed by CLEC.   Maryland's Court of Appeals has held

that a legislative purpose in enacting CLEC was to enable Maryland closed end credit grantors, who elect CLEC, to satisfy disclosure obligations by complying only with CLEC and, to the extent applicable, the Truth in Lending Act. *Loyola*, 331 Md. at 34; *Biggus v. Ford Motor Credit Co,* 328 Md. 188, 208 (1992). CLEC's provisions relating to repossession "created a system that was complete in itself" and CLEC's resale provisions are "analogous to preemption by occupation of field." *See Loyola*, 331 Md. at 36.

Because the averments in Count 10 of Plaintiff's Complaint relate to allegedly inaccurate and omitted disclosures under CLEC, pursuant to Maryland law, CLEC is the only applicable Maryland law and thus, Count 10 of the Complaint should be dismissed.

### B. Plaintiff's MCPA Claim Should Be Dismissed Because It Fails To Plead Actual Injury Or Loss

"A private consumer bringing an action under the MCPA must show actual injury or loss sustained as the result of a practice prohibited under the MCPA." *Jones v. Koons Automotive, Inc.*, 752 F.Supp.2d 670, 684 (D. Md. 2010) (citation and internal quotations omitted). "In order to articulate a cognizable injury under the MCPA, the injury must be objectively identifiable." *Id.* (citation and internal quotations omitted). A complaint adequately pleads loss when it points to some amount that it would take to remedy the loss the plaintiff incurred as a result of the respondents' alleged deceptive trade practices. *Id.* (citation and internal quotations omitted). *See also McGraw v. Loyola Ford, Inc.*, 124 Md.App.560, 581 (1999) ("[A] failure to establish the nature of the actual injury or loss that [a consumer] has allegedly sustained as a result of the

prohibited practice is fatal to a private cause of action under the Act." (quoting *Citaramanis v. Hallowell*, 328 Md. 142, 152 (1992)); *Berg v. Byrd*, 124 Md. App. 208, 215 (1998) ("[I]njury or loss is a prerequisite for a claim brought under CL § 13-408(a).").

The Complaint in this case is completely "devoid of . . . factual enhancement" regarding Plaintiff's own damages as related to the allegedly defective notices. *Iqbal*, 129 S. Ct. at 1949. Plaintiff's only allegation of damages under the MCPA Count is her conclusion that she was damaged because the sale of the vehicle resulted in a deficiency and that she was prevented from protecting her rights. Compl. ¶ 110. Such averments are too "threadbare and conclusory" to be credited. *Consumeraffairs.com*, 591 F.3d at 258. The Complaint contains no substantive factual allegations with respect to Count 10. The alleged injuries are not "objectively identifiable" and cannot be "measured by the amount the consumer spent or lost as a result of his or reliance on the sellers' misrepresentation." *Lloyd v. General Motors Corp.*, 397 Md. 108, 143 (2007).

Plaintiff does not allege that, as a result of the notices, she paid Prestige amounts to which it was not entitled. Instead, Plaintiff alleges that the deficiency balance that she has <u>not</u> paid derives from the sale of the Taurus allegedly not made in a "commercially reasonable manner." Plaintiff offers no facts to support her allegation that the sale was not commercially reasonable. As well, Plaintiff does not allege that she would have redeemed the vehicle if the notices she had been provided purportedly complied in every way to CLEC. To the contrary, Plaintiff alleges in the Complaint that she traded-in the Taurus as consideration for the purchase of a new vehicle and that the

deficiency balance owing to Prestige was caused by Koons' failure to payoff the loan as it had agreed to do. Compl. ¶¶ 9, 10, 21, 39, 63, 68, 77, 85. Plaintiff traded-in the Vehicle on December 18, 2008 (Compl. 6, 9) and received the first notice from Prestige more than five (5) months later on May 27, 2009. Compl. ¶ 26. Plaintiff did not make payments on the outstanding loan after receiving the first notice and sold the Taurus to a third party as consideration for a new vehicle.

In short, Plaintiff alleges no actual damages because nothing in the Complaint supports the proposition that she would be better off today had she been given notices which she would contend complied in every way with CLEC. Because Plaintiff's averments in her Complaint with respect to actual injury are conclusory, vague, and "devoid of any reference to actual events,"[5] Plaintiff has failed to plead a valid MCPA claim.

**C.    Plaintiff's MCPA Claim Fails Because A Violation of CLEC Is Not a *per se* Violation Of The MCPA And Because Plaintiff Has Not Alleged UnFair Or Deceptive Conduct Independent Of Her CLEC Claim Relating To Post-Repossession Notices**

The MCPA lists approximately two dozen statutes that, if violated, automatically violate the MCPA. *See* MD. CODE. ANN. COM. LAW § 13-301(14)(ii)-(xxiv). CLEC is conspicuously absent from the list. At least one Maryland court has held that a violation of CLEC is <u>not</u> an automatic violation of the MCPA. *See In re Pittman*, 165 B.R. 586, 589 (Bankr. D. Md. 1994) (rejecting argument that violations of CLEC constitute automatic violations of the MCPA, explaining "Plaintiff did not cite any

---

[5]  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 2009).

authority for the proposition that violations of the . . . Credit Grantor Closed End Provisions are *per se* violations of the Consumer Protection Act, and this Court has found none.").

Moreover, this Court, in granting a motion to dismiss a MCPA claim, held that communication of allegedly illegal charges does not constitute a violation of the MCPA. *See Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977, 988-89 (D. Md. 2002). In *Miller*, the Court considered whether alleged violations of the Secondary Mortgage Loan Law constituted violations of the MCPA. The Court rejected plaintiff's claim that "the very communication of the allegedly illegal charges deceived [plaintiff] into believing that the charges were legal" holding that a written communication listing charges does not reasonably imply that the charges are permitted by law. *Miller*, 224 F.Supp.2d at 988. Further, the Court stated to construe a statement to imply that the various charges conformed with the law "would lead to absurd results, not clearly contemplated by the Maryland legislature." *Id.*

Like *Miller*, here, plaintiff alleges the communication of charges purportedly in violation of a consumer law (i.e. CLEC) constitutes a violation of the MCPA. This claim was rejected by the Court in *Miller* and should be rejected here. Because Plaintiff's MCPA claim is based entirely on alleged violations of CLEC (and not independently unfair or deceptive conduct), it fails as a matter of law. *See also Jones v. Koons Automotive, Inc.*, 752 F.Supp.2d 670, 684 (D. Md. 2010) (granting motion to dismiss holding that plaintiff failed to establish the necessary injury or loss to bring a private

claim under the MCPA because the complaint did not link specific harm directly to alleged violations of TILA disclosures).

Plaintiff does not allege conduct on behalf of Prestige independent of the alleged conduct purportedly violating CLEC. Because Plaintiff attempts to "piggyback" her MCPA claim on alleged technical violations of CLEC and not independent conduct, Count 10 of the Complaint should be dismissed.

### D. Plaintiff's MCPA Claim Should Be Dismissed Because Plaintiff Failed To Allege Facts Showing That She Relied On The Alleged Misrepresentations And/Or Omissions In The Notices

This Court and Maryland's Court of Appeals has held that plaintiffs must prove reliance on an alleged misrepresentation to recover under the MCPA. *See Lloyd v. General Motors Corp.*, 266 F.R.D. 98, 111 (D.Md. 2010); *Lloyd v. General Motors Corp.*, 397 Md. 108, 148 (2007) (to be objectively identifiable "... the consumer must have suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the sellers' misrepresentation."). *See also, Consumer Protection Div. v. Outdoor World Corp.*, 91 Md. App. 275, 291 (1992). The Complaint is devoid of any factual allegations that Plaintiff relied on the alleged misrepresentations or omissions in the notices.[6] Plaintiff has not alleged taking any action or inaction based on the allegedly defective notices. Because the Complaint fails to plead this element of the cause of action, Count 10 must be dismissed.

---

[6] The Complaint does not even make a conclusory allegation that Plaintiff relied on the allegedly deficient notices, nor could she given that she (i) gave the car away and (ii) called Prestige to pick up the car when, through extraordinary circumstances, it made its way back to her.

**E.    Plaintiff Fails To Allege Facts Regarding Scienter, Which Is Required Under The MCPA For Actions Subsequent To Sale, And Fails To Satisfy The Heightened Pleading Requirements Of Fed.R.Civ.P. Rule 9(b)**

In general, to pursue a claim under the MCPA, "deceptive practices" must occur in the sale or offer of sale of consumer goods or services.  *See Morris v. Osmose Wood Preserving*, 340 Md. 519, 541-42 (1995) ("[T]he deceptive practice must occur in the sale or offer for sale to consumers . . . There is no allegation that the defendants were in any way involved in selling, offering or advertising the townhouses that plaintiffs bought."); *Consumer Protection Div. v. Morgan*, 387 Md. 125 (2005); *Klein v. State*, 52 Md. App. 640, 644 (1982) ("[U]nfair trade practices are identified as misstatements or misrepresentations, made directly to the consumer or by advertisement or telephone solicitation, concerning the quality and availability of goods and services or the expertise and affiliation of merchants.").

Prestige's conduct, as alleged in the Complaint, did not impact the sale of the vehicle to Plaintiff.  Moreover, the Complaint does not allege any misrepresentation or omission with respect to the sale of the vehicle or the execution of the credit agreement. Instead, the Complaint alleges that Prestige's performance occurring <u>more</u> <u>than</u> <u>two</u> <u>years</u> <u>subsequent</u> to the agreement of sale, specifically, the sending of post-repossession notices, violated the MCPA.  The MCPA requires that plaintiffs allege the element of "intent" of merchants with respect to misrepresentations and omissions in connection with performance subsequent to an agreement of sale.

An alleged misrepresentation or omission pertaining to the performance of a merchant subsequent to a sale falls under § 13-301(9) of the MCPA.   Specifically,

> (9)  Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with:
>
> **.  .  .**
>
> **(iii)  The subsequent performance of a merchant with respect to an agreement of sale, lease or rental.**

MCPA § 13-301(9) (emphasis added).   It is settled law that proof of scienter is required to establish a violation under this section of the MCPA.  *Luskin's Inc. v. Consumer Protection Div.*, 353 Md. 335, 366-67 (1999).  Plaintiff's MCPA Count must be dismissed be she has failed to allege facts concerning Prestige's intent with respect to the allegedly deficient notices.

Moreover, the allegations in the Complaint sound in fraud and thus, the Court should consider this Motion to Dismiss in light of the heightened pleading requirements of Fed.R.Civ.P. Rule 9(b).   Plaintiff alleges that Prestige made "false statements" (Compl. ¶ 109) and that Prestige's conduct was "false and deceptive" (Compl. ¶ 110).

Under Fed.R.Civ.P Rule 9(b) when allegations sound in fraud

> . . . [Plaintiff] must state with particularity the circumstances constituting the fraud or mistake.  Fed.R.Civ.P. 9(b).  . . . [P]laintiff must allege the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby.

*Smart v. Decision One Mortgage Co., LLC*, 2011 WL 829212, No. 10-cv-00320-AW, *1 (D. Md. Mar. 7, 2011). *See also Haley v. Corcoran*, 659 F.Supp.2d 714, 724 (D. Md. 2009) (dismissing MCPA count applying Rule 9(b) requirements to MCPA claim because "The complaint alleges that the false statements, deceptive actions, misrepresentations, omissions, and other acts described in th[e] complaint deceived and tended to deceive Plaintiffs in violation of the MCPA."); *McKinney v. Fulton Bank*, 2010 WL 2559400, *4 (D. Md. Jun. 21, 2010) (dismissing MCPA count).

Plaintiff has failed to allege with particularity the circumstances surrounding her allegations of misrepresentations and omissions, including the identity of the person making the statements and what was gained by the alleged misrepresentations and omissions. Nowhere in the Complaint does Plaintiff allege an amount of the allegedly improper deficiency balance. Because Plaintiff has failed to properly plead a cause of action under the MCPA and the Federal Rules, Count 10 of the Complaint should be dismissed.

II. **COUNT X OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO PLEAD SUFFICIENT FACTS TO ESTABLISH A VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT ("MCDCA")**

The MCDCA serves to "protect consumers against certain threatening and underhanded methods used by debt collectors in attempting to recover on delinquent accounts." *Mateti v. Activus Financial, LLC*, 2009 WL 2507423, *12 (D.Md. Aug. 14, 2009); *Shah v. Collecto, Inc.*, 2005 WL 2216242, *10 (D.Md. Sept. 12, 2005). Plaintiff does not allege that Prestige used "threatening" or "underhanded methods" to collect a

debt.  Instead, Plaintiff alleges that Prestige violated the MCDCA by (i) sending a letter to Plaintiff in October 2009 conveying the amount of sales proceeds received at auction for the Taurus and (ii) disclosing information relating to the debt to credit reporting agencies. Compl. 98.  Plaintiff's claims are without merit.

### A. Prestige Did Not Knowingly Disclose False Information Affecting Plaintiff's Credit Worthiness Or Knowingly Attempt To Enforce A Right That Does Not Exist

Plaintiff alleges Prestige violated MD. CODE. ANN. COM. LAW §§ 14-202(3) and (8), which state:

> In collecting or attempting to collect an alleged debt a collector may not:
>
> . . . (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness <u>with knowledge</u> <u>that</u> <u>the</u> <u>information</u> <u>is</u> <u>false</u>;
>
> . . . (8) Claim, attempt, or threaten to enforce a right <u>with knowledge</u> <u>that</u> <u>the</u> <u>right</u> <u>does</u> <u>not</u> <u>exist</u> . . .

Compl. ¶ 100; MD. CODE. ANN. COM. LAW §§ 14-202(3) and (8) (emphasis added). The express terms of the statute require that Plaintiff to show Prestige had knowledge of the falsity of information before liability attaches.  Plaintiff has failed to allege facts sufficient to establish the predicate level of knowledge to sustain her MCDCA claims.

The MCDCA is not a strict liability statute.  *Akalwadi v. Risk Mgmt Alternatives, Inc.*, 336 F.Supp.2d (D.Md. 2004).  Instead, to sustain a cause of action under § 14-202(3) of the MCDCA, Plaintiff must show that Prestige disclosed information with "actual knowledge or reckless disregard as to the falsity of the information to be liable." *Id.* at 511.  "'Reckless disregard'" does <u>not</u> mean a situation where defendant honestly,

but negligently, believed that the representation was true." *Shah v. Collecto, Inc.*, 2005 WL 2216242, *10 (D.Md. Sept. 12, 2005) (citing *Ellerin v. Fairfax Sav., F.S.B.*, 337 Md. 216, 234 (1995) (emphasis added). Thus, an honest representation that something is true, that later proves false, is insufficient to satisfy the predicate level of knowledge to sustain a cause of action under the MCDCA. Plaintiff must prove that Prestige had knowledge as to the falsity of the representation when it was made.[7] *Id.*

This Court has held, to sustain a violation under MCDCA §§ 14-202(3) and (8), a plaintiff must establish that a creditor

> (a) knew that the debt was invalid, or acted with reckless disregard as to its validity, when it disclosed information about the debt to the CRAs [Credit Reporting Agencies]; . . . (c) attempted to collect on a debt with knowledge that the debt was not owed, or with reckless disregard as to whether it was owed or not.

*Shah v. Collecto, Inc.*, 2005 WL 2216242 (D.Md. Sept. 12, 2005). Here, Plaintiff fails to allege facts that Prestige knew the debt was invalid, assuming arguendo that the debt is invalid,[8] when allegedly disclosing information to credit reporting agencies about the debt, or that Prestige attempted to enforce a right with knowledge that the right does not exist. *See Robinson v. Greystone Alliance, LLC*, 2011 WL 2601573, *7 (D. Md. Jun. 29, 2011 (holding that plaintiff cannot sustain a cause of action under the MCDCA because Plaintiff failed to show that defendant knew information was false or acted with reckless disregard as to the falsity of the information at the time of disclosure to credit

---

[7] Plaintiff also must show the information was false. Plaintiff has failed to plead facts under her MCPA Count that information provided to credit reporting agencies was false.

[8] Plaintiff seeks in this lawsuit a declaratory judgment that the debt she owes to Prestige may not be collected.

reporting agencies); *Mateti v. Activus Financial, LLC*, 2009 WL 2507423 (D.Md. Aug. 14, 2009) (holding plaintiff cannot sustain a cause of action under MCDCA §§ 14-202(3) or (8) because plaintiff failed to show defendant's actual knowledge or reckless disregard as to the falsity of information or the existence of the right). Plaintiff does not even allege that she contacted Prestige and disputed the debt.[9] Plaintiff's MCDCA claims should be dismissed because Plaintiff has failed to allege facts sufficient to establish Prestige's knowledge as to the falsity of statements or its rights to collect the debt to sustain a cause of action under MCDCA §§ 14-202(3) and (8).

**B.   Prestige's Sending Of The October 5, 2009 Letter To Plaintiff Was Mandated By Law And Was Not An Attempt To Collect A Debt**

Plaintiff alleges that Prestige's October 2009 letter (titled "Explanation of Calculation") violated MD. CODE. ANN. COM. LAW § 14-202(8). Compl. ¶ 98, Ex. 8. The sending of the letter post auction of the Taurus, however, is mandatory under Section 12-1021(k) of CLEC.[10] Moreover, the letter does not demand payment of the debt, but provides information that the Taurus was sold at auction for $4,800.00. *See* Compl. Ex. 8. Plaintiff fails to allege what right is being enforced through this letter or what information in the letter is false. As mentioned *supra*, Plaintiff also fails to allege that Prestige had actual knowledge of the falsity of information in the letter, if any, when it

---

[9] Even if Plaintiff had disputed the debt, this Court has stated that creditors do not have an affirmative duty to have disputed debt deleted from a consumer's credit report pending resolution (*Shah*, 2005 WL 2216242 at *11, n. 15) and that the validity of a debt allegedly owed is not relevant to violations of the MCDCA. *Shlikas v. Sallie Mae, Inc.*, 2010 WL 3385477, *2 (D.Md. 2010).

[10] Plaintiff agrees that her contract with Prestige is governed by CLEC. Compl. ¶ 88.

was sent. Because Plaintiff's averments with respect to the October 2009 letter are woefully deficient, her MCDCA claim should be dismissed.

    **C.**    **Plaintiff's Allegations With Respect To The Furnishing Of Information Relating To The Debt To Credit Reporting Agencies Fails To Meet The Heightened Pleading Requirements Of Fed. R. Civ. P. Rule 9(b)**

Plaintiff alleges that Prestige's "continued reporting" of Plaintiff as being in default and owing a deficiency balance with various credit reporting agencies violates Section 14-202(3) of the MCDCA because the debt is not legally owed. Compl. ¶¶ 98-99. Plaintiff fails to allege the time, place and contents of the false representations, as well as the identity of the person making the alleged misrepresentation and what he obtained thereby, as is required under the Fed. R. Civ. P. Rule 9(b). *Smart v. Decision One Mortgage Co., LLC*, 2011 WL 829212, No. 10-cv-00320-AW, *1 (D. Md. Mar. 7, 2011). Moreover, Plaintiff fails to allege the predicate level of knowledge at the time Prestige purportedly made disclosure(s) to sustain a cause of action under the MCDCA. Because Plaintiff has failed to meet the pleading standards under Fed. Civ. P Rule 9(b) and failed to plead facts relating to Prestige's knowledge, her claims under the MCDCA must be dismissed.

    **D.**    **Plaintiff's Allegations Of The Reporting Of False Credit Information Are Preempted By The Fair Credit Reporting Act and Should Be Dismissed**

To the extent Plaintiff's claims rely on Prestige's furnishing of allegedly false information to credit reporting agencies, those claims are preempted by 15 U.S.C. §1681t(b)(1)(F) of the Fair Credit Reporting Act. *Ross v. Federal Deposit Insurance Corporation*, 625 F.3d 808, 817 (4th Cir. 2010) (holding that consumer plaintiff could not

pursue claims under the North Carolina Debt Collection Act for the alleged furnishing of false information to credit reporting agencies).  Thus, as a matter of law, Plaintiff cannot bring a state law cause of action against Prestige alleging that Prestige furnished false information to credit reporting agencies.  Her claims against Prestige in this regard must be dismissed.

**III.  PRESTIGE RELIES ON THE MAJORITY RULE THAT FILING A RULE 12(b)(6) MOTION POSTPONES THE TIME TO RESPOND TO THE ENTIRE COMPLAINT**

Although Rule 12 does not conclusively indicate whether the filing of a motion to dismiss one count in a complaint postpones the time to respond to the other counts in a complaint, the majority of courts hold that the filing of a motion that only addresses part of the complaint suspends the time to respond to the entire complaint.

> Neither Rule 12, Rule 7, nor Rule 55 provides whether a Rule 12 motion on one count of a complaint stops the running of the clock as to all counts in the complaint.  Case law also fails to conclusively decide the issue.  A majority of courts, however, hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.  *See Finnegan v. University of Rochester Medical Center*, 180 F.R.D. 247 (W.D.N.Y. 1998), *Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475 (N.D.Ga. 1997); 5A C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D, § 1346, 146 (2d ed. Supp. 2002).

> The rationale underlying this majority rule is that the minority approach requires duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and causes confusion over the proper scope of discovery while the motion is pending.  On the other hand, the minority approach has the advantage of preventing a party from using a partial Rule 12(b) motion to delay adjudication of the remaining portion of

the action. See WRIGHT AND MILLER, supra, at 181. **The only district court in the Fourth Circuit that has considered the issue sided with the majority view and allowed defendant to file an answer after the court ruled on a Rule 12(b)(6) motion.** *FDIC v. Heidrick***, 812 F. Supp. 586, 591 (D.Md. 1991).**

*Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) (emphasis added). *See FDIC v. Heidrick*, 812 F. Supp. 586, 591 (D.Md. 1991) (district court agreed that filing motion to dismiss extended time to respond to all counts in complaint). *See also Harrington v. Sprint Nextel Corp.*, 2008 WL 2228524, No. 1:08cv336, *5 (E.D.Va. 2008); 5B C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE: FRCP RULE 12, §1346, 46 (3d ed. 2004).

## Conclusion

For the foregoing reasons, the Court should dismiss Counts 10 (Maryland Consumer Protection Act) and Count X (Maryland Consumer Debt Collection Act) of the Complaint. Given that Plaintiff has already amended her complaint once attempting to correct pleading deficiencies, Prestige requests the Court dismiss these counts with prejudice.

Respectfully submitted,

_____/s/ Michael R. Naccarato_____
Michael R. Naccarato (Bar No. 29023)
mrnaccarato@gandwlaw.com
Francis J. Gorman, P.C. (Bar No. 00690)
fjgorman@gandwlaw.com

**GORMAN & WILLIAMS**
36 South Charles Street, Suite 900

Baltimore, Maryland 21201
Telephone: (410) 528-0600
Facsimile: (410) 528-0602
**_Attorneys for Defendant_**

<u>C</u>ERTIFICATE <u>O</u>F <u>S</u>ERVICE

I CERTIFY that on this 22nd day of August, 2011 a copy of the foregoing Memorandum in Support of Prestige Financial Services, Inc.'s Motion to Dismiss was filed electronically and served by ECF to:

Bernard T. Kennedy
bernardtkennedy@yahoo.com
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037

Thomas Joseph Minton
tminton@charmcitylegal.com
Goldman and Minton PC
20 S. Charles Street, Ste 1201
Baltimore, MD 21201

*Attorneys for Plaintiff*
*Gesele Jones*

Joseph M. Creed
jcreed@jgllaw.com
Joseph Greenwald and Laake PA
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

*Attorneys for Defendant Koons*
*Automotive*

/s/ Michael R. Naccarato
Michael R. Naccarato